■ Shlomo Sternberg, as Administrator of the Estate of Matthias S. Sternberg, Deceased, Plaintiff, v Radio Corporation of America et al., Defendants, and American Telephone and Telegraph Company, Defendant and Third-Party Plaintiff-Appellant. Citibank, N. A., et al., Third-Party Defendants-Respondents; Cede & Co. et al., Third-Party. Defendants-Respondents-Appellants, et al., Third-Party Defendant. —Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered September 26, 1984, which denied the motion of defendant and third-party plaintiff American Tele-

phone and Telegraph Company (AT&T) for summary judgment against third-party defendants Cede & Co. and The Depository Trust Company; granted the motion of Cede & Co. and The Depository Trust Company to dismiss the third-party complaint; denied Cede & Co. and The Depository Trust Company's motion for summary judgment on their cross claims against Old Court Securities, Inc., Citibank, National Bank of North America, and Lewco Securities Corp.; granted the cross motions of National Bank of North America to dismiss the cross claims of Cede & Co., The Depository Trust Company, and AT&T; and denied the cross motion of Citibank to dismiss the cross claims of Cede & Co. and The Depository Trust Company insofar as they relate to indemnification; unanimously modified, on the law, to reverse the granting of Cede & Co. and The Depository Trust Company's motion to dismiss the third-party complaint, and to reverse the granting of National Bank of North America's motion to dismiss the cross claims of Cede & Co. and The Depository Trust Company against it for indemnification, and otherwise affirmed, without costs.

Order (denominated a "Counter-Order"), Supreme Court, New York County (Bruce McM. Wright, J.), entered September 26, 1984, which, *inter alia,* granted AT&T summary judgment on its cross claim against Old Court Securities, Inc., and Jack Skidell, unanimously modified, on the law, to strike the sixth decretal paragraph, and otherwise affirmed, without costs.

Plaintiff Shlomo Sternberg, as administrator of the estate of Matthias S. Sternberg, brought this action against AT&T, Old Court Securities, Inc., and Jack Skidell seeking damages for the transfer and assignment of shares of AT&T stock owned by Matthias S. Sternberg which were allegedly stolen, by means of an allegedly forged signature which was guaranteed by Old Court through its officer and employee Skidell. AT&T asserted cross claims against Old Court and Skidell and interposed a third-party complaint against Citibank and Lewco Securities Corp., whose signature guarantee stamps also appear on the stock certificates, against The Depository Trust Company (DTC), which delivered the certificates to AT&T for assignment and transfer of title to its nominee, third-party defendant Cede & Co., at the request of DTC's customer, third-party defendant National Bank of North America (now known as National Westminster Bank, NatWest), whose tax waiver stamp appears on the back of the stock certificates.

DTC asserts that as a securities processing service for its

"participant" customers, including NatWest, it is merely an intermediary which sends certificates representing shares deposited by participants to the appropriate transfer agent to be reregistered in a "jumbo certificate" with its nominee, Cede. It alleges that NatWest deposited the AT&T stock certificates here at issue with it for credit to its account and assignment to Cede.

AT&T moved for summary judgment against DTC and Cede claiming that DTC, as presenter of the securities, and Cede, as a transferee assignee warranted good title pursuant to UCC 8-306 (1). DTC and Cede, claiming that they were no more than intermediaries for a participant and thus warranted only their own good faith and authority pursuant to UCC 8-306 (3), moved to dismiss the third-party complaint.

Special Term denied AT&T's motion for summary judgment against Cede and DTC and granted the motion to dismiss the third-party complaint, finding that Cede was not a guarantor of the signatures and that DTC was a mere intermediary within the meaning of the Uniform Commercial Code.

However, on this record a determination cannot be properly made as to whether DTC and Cede were presenter and transferee assignee, and thereby warrantors of good title under UCC 8-306 (1), or merely intermediaries and warrantors of only their good faith under UCC 8-306 (3). And if DTC and Cede were just intermediaries, questions arise as to the role and responsibilities of NatWest, the principal for which they were allegedly intermediaries.

It is also not shown on this record how NatWest came into possession of the certificates. Further discovery is required on this issue and summary determination at this stage in the proceedings, and on this complex but undeveloped record, is particularly inappropriate.

Accordingly, we reverse that portion of Special Term's order which granted the motion of Cede and DTC to dismiss AT&T's third-party complaint as against them.

We also reverse that portion of Special Term's order which granted NatWest's motion to dismiss Cede's and DTC's cross claim for indemnity against NatWest. This claim was dismissed solely on the ground that it was academic in view of the dismissal of the claims of AT&T against Cede and DTC. Since we are reinstating AT&T's third-party complaint against Cede and DTC, we also reinstate the claim for indemnification against NatWest. In light of the clear and unambiguous indemnification clause in NatWest's contract with DTC,

NatWest will be liable to Cede and DTC for indemnification should AT&T ultimately prevail against Cede and DTC.

We have examined the various other points raised on these appeals and cross appeals and find them without merit. Concur—Sandler, J. P., Asch, Kassal and Ellerin, JJ.